# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

TERENCE D. WILLIAMS,
ADC #147749                                                                                      PLAINTIFF

5:16CV00254-JM-JTK

WENDY KELLEY, et al.                                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.     Introduction

Plaintiff Terence Williams is a state inmate incarcerated at the Varner Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging retaliation by Defendants Price, Budnik, and Kelley (Doc. No. 2.)[1]

Pending before the Court is the Motion for Summary Judgment, Brief in Support, and Statement of Facts, filed by Defendants Budnik and Kelley (Doc. Nos. 37-39). Plaintiff filed a Response (Doc. No. 45) and Defendants filed a Reply (Doc. No. 46). Also pending are Plaintiff's Motions for Default Judgment against Defendant Price.

### II.    Facts

Plaintiff alleged that Defendant Price was found in possession of drugs and tobacco, and told authorities that the items were intended for the Plaintiff. Plaintiff was assigned to

---

[1] Plaintiff subsequently filed an Amended Complaint (Doc. No. 9).

administrative segregation (ad seg) pending an investigation into his involvement, and after internal affairs failed to take any further action, he filed a grievance against Defendant Budnik, asking to be released from ad seg. Budnik continued his own investigation into the incident and filed a disciplinary charge against Plaintiff in retaliation for the grievances he filed against him. Plaintiff claimed Price knowingly provided false information for Budnik to retaliate against him, and Kelley ignored Plaintiff's requests for help. He requested monetary relief from Defendants.

## III. Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A. Defendants' Motion

At issue in this Motion is whether Plaintiff exhausted his administrative remedies with

respect to his claims against Defendants Budnik and Kelley, as required by the ADC grievance procedure, Administrative Directive (AD) 14-16 (Doc. No. 37-2), and the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. Defendants present the Declaration of Barbara Williams, inmate grievance supervisor for the ADC, who stated that the inmate grievance policy is a three-step process, and specifically provides that claims of retaliation are grievable. (Doc. No. 37-1, pp. 1-2) Step one of the process is an informal resolution procedure, and requires the inmate to seek an informal resolution within fifteen days of the alleged incident. (Id., p. 2) If the inmate is not satisfied with the response, he may proceed to step two by filing a formal grievance on the same grievance form used during step one. (Id.) Following receipt of a response from the warden or his designee, the inmate may proceed to step three by filing an appeal to the Chief Deputy/Deputy/Assistant Director. (Id.) The policy also instructs inmates that if at any level of the grievance process they fail to receive a response to a grievance within the allotted timeframe, the inmate may proceed to the next level of the process. (Id., p. 3) And, to fully exhaust administrative remedies, an inmate must timely resolve a grievance through all three of those steps. (Id.)

After reviewing Plaintiff's grievance records, Ms. Williams found that between April 2016 and August 9, 2016 (the date he filed this lawsuit), Plaintiff did not file or fully exhaust a grievance against Defendant Kelley. (Id., p. 4) During that same time period, Plaintiff filed three grievances referring to Defendant Budnik, but none of those grievances pertained to his current retaliatory disciplinary claim, (Id.) Therefore, Defendants ask that the Court dismiss Plaintiff's claims against them for failure to exhaust.

    B.    **Plaintiff's Response**

Plaintiff states in response that he filed a grievance against both Kelley and Budnik concerning the retaliation claim, but that he received no response to his appeal. (Doc. No. 45, p. 3) In support, he attached a copy of an informal resolution dated May 12, 2016, and a step two grievance dated May 20, 2016 (Id., p. 7) He also attached copies of letters sent to Defendants Kelley and Deputy Director Dale Reed on July 7, 2016, complaining that he never received an acknowledgement or rejection form for the grievance. (Id., pp. 7-8) Based on these submissions, Plaintiff claims he was prevented from exhausting and should be permitted to proceed with his lawsuit.

**C.    Defendants' Reply**

Defendants first note that the grievance to which Plaintiff refers does not contain a unit level date stamp or grievance number. They next state that the grievance policy specifically instructs inmates that if at any level of the inmate grievance process the inmate fails to receive a response, the inmate may proceed to the next level of the process. (Doc. Nos. 46-1, p. 1; 37-2, pp. 7-8, 10) They note that Plaintiff was aware of this alternative, and they specifically refer to two other grievances he filed during the relevant time period where he proceeded to step two after failing to receive a response to step one. (Doc. No. 46-1, p. 2; 46-3)[2] Therefore, because Plaintiff did not attempt to proceed to steps two or three when he failed to receive a response, Defendants state that he did not completely exhaust his administrative remedies against them.

**D.    Analysis**

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

---

[2] Those two grievances do not concern the incidents at issue in this complaint.

> confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

In this case, the ADC grievance policy in effect clearly instructs inmates to "write a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate..." (Doc. No.

37-2, pp. 5-6.) The policy also clearly instructs inmates how to proceed if they fail to receive responses to each level of the grievance process. According to the policy, if an inmate does not receive a response to the first step within three days of submission, he may proceed to step two, within six days from the date his step one was submitted. (Doc. No. 37-2, pp. 7-8) Similarly, if he receives no response to step two, he may proceed to the appeal step (three). (Id., p. 10)

Having reviewed the documents submitted by the parties, the Court agrees that Plaintiff did not exhaust his administrative remedies with respect to his claims against Defendants Kelley and Budnik. He did not name or refer to Kelley in any of the grievances he submitted, and in the three grievances in which he named Budnik, he did not complain that Budnik filed a disciplinary against him in retaliation for his use of the grievance process. (Doc. No. 37-3, pp. 1-10) Although Plaintiff claims that he was prevented from exhausting a grievance against Defendants because he failed to receive a response, he provides no proof that he adequately followed the procedures set forth in the grievance policy. The step one grievance Plaintiff claims he submitted was dated May 12, 2016, and the step two was dated May 20, 2016. (Doc. No. 45, p. 9) However, Plaintiff provides no proof that he tried to proceed to step three, other than by sending letters to Kelley and Reed, which are not steps in the grievance process. (Id., pp. 7-8) The Defendants provided additional proof that Plaintiff was aware of the appropriate steps to take, absent a response, by presenting two grievances in which he followed the policy. (Doc. No. 46-3)[3]  Therefore, the Court finds that Plaintiff failed to properly exhaust this grievance as provided in the policy.

**IV.    Default Judgment**

In the Amended Complaint, Plaintiff alleges Defendant Price provided false information

---

[3] These grievances concern incidents unrelated to the claim in this case. (Doc. No. 46-3)

to Defendant Budnick.[4] Summons was returned, executed, as to Defendant Price on November 9, 2016 (Doc. No. 20). Plaintiff filed a motion for default judgment against Price when he failed to file an answer; and the Court issued an Order entering default against him and directing him to respond to the motion (Doc. No. 26). Price never responded.

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Screening can take place at any time, but preferably as soon as possible after docketing. 28 U.S.C. § 1915A(a). See also Hassett v. Correctional Medical Services, No. 08-559 (NLH), 2008 WL 4889323 (D. Del. 2008).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the Plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504

---

[4] Plaintiff asserted this allegation against Defendant in an Amended Complaint, submitted after United States Magistrate Judge Kearney issued a Proposed Findings & Recommendations that the Original Complaint allegations be dismissed. United States District Judge James M. Moody, Jr. granted Plaintiff's Motion to amend and directed the issuance of summons and service on Defendants (Doc. No. 6).

U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). But regardless whether a plaintiff is represented or appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's opinion in Ashcroft v. Iqbal, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." 556 U.S. 662, 678, (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id. at 556-7.

In this case, the Court finds that Plaintiff's allegation that Price supplied false information to Budnik does not support a constitutional claim for relief. Although he alleged Budnik retaliated against him by filing a disciplinary charge (presumably based on the information supplied by Price), **he did not allege that Price retaliated against him.** The filing of a false disciplinary charge is not itself actionable under § 1983, but becomes actionable if done in retaliation for the inmate's filing of a grievance. Dixon v. Brown, 38 F.3d 379 (8th Cir. 1994). Yet again, Plaintiff did not allege that Price was the individual who filed the disciplinary charge against him or retaliated against him. Therefore, merely supplying information to an officer does not support a constitutional claim for relief.

## V. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. The Motion for Summary Judgment filed by Defendants Budnik and Kelley (Doc. No. 37) be GRANTED, and Budnik and Kelley be DISMISSED without prejudice for failure to exhaust.

2. Defendant Price be DISMISSED with prejudice, for failure to state a claim upon which relief may be granted.

3. Plaintiff's Motions for Default Judgment (Doc. Nos. 25, 29) be DENIED as moot.

IT IS SO RECOMMENDED this 1st day of June, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE